STATE OF VERMONT
ENVIRONMENTAL COURT

|  | X |  |
| --- | --- | --- |
| TOWN OF BROOKFIELD, Plaintiff | X | |
|  | X | |
| v. | X | Docket No. 236-12-04 Vtec |
|  | X | |
| JAMES MOORCROFT, Defendant | X | |
|  | X | |

## <u>JUDGMENT ORDER</u>

The above captioned matter came before the Court on November 8, 2006 and February 6, 2007 for a final hearing on the merits. The Town of Brookfield (Town) has been represented in this matter by its attorney, Pamela Stafford, Esq.; James Moorcroft has been represented in this matter by his attorney, Charles F. Storrow, Esq.

During the proceeding on February 6, 2007, the parties reached a verbal settlement agreement. The settlement agreement was described on the record to the Court. Based on that description, the Court hereby **ORDERS** as follows:

1.      Subject to the exceptions set forth in paragraph 2, below, defendant James Moorcroft (hereinafter "Mr. Moorcroft") will remove all unregistered motor vehicles from his 66± acre parcel of land located on the west side of Route 14 in Brookfield by midnight on December 1, 2007.[1]  For the purposes of this Order, whether a motor vehicle is registered or unregistered refers to whether its registration with the Vermont Department of Motor Vehicles, or the comparable motor vehicle regulatory agency of another state or Canadian province, is current on the date in question.  For the purposes of this Order the term "motor vehicles" shall be defined as said term is defined in 23 V.S.A. § 4(21).  The use of "dealer plates" on an otherwise unregistered vehicle **shall not** constitute registration for that vehicle.

2.      Notwithstanding paragraph 1, above, and consistent with Brookfield Development Bylaw section 4.13(E), Mr. Moorcroft and/or his tenants may keep up to four (4) exposed, unregistered motor vehicles per presently existing residential dwelling, respectively, located on Moorcroft's Brookfield property.   In addition, Mr. Moorcroft may keep up to an additional five (5) unregistered, operating motor vehicles on his Brookfield property, if said vehicles are used solely for agricultural purposes.  Consistent with Brookfield Development Bylaw section 4.13(E),

---

[1] Mr. Moorcroft's property and the improvements on it are hereinafter referred to as "Moorcroft's Brookfield property."

nothing provided for herein shall restrict Mr. Moorcroft and/or his tenants from keeping unregistered vehicles on his property if said motor vehicles are completely unexposed. For the purposes of this Order, whether a motor vehicle is exposed depends on whether it is visible at any time whatsoever from a public highway. *See* Brookfield Development Bylaw section 4.8. Visibility of any vehicles not allowed under this Order from a public highway may be used as evidence in any future enforcement or other proceeding in this docket.

3.      On or by midnight, on December 1, 2007, Mr. Moorcroft shall cease conducting, on his Brookfield property, any motor vehicle repair work of a commercial nature. For the purposes of this Order the term "commercial nature" means activity related to a business enterprise. Nothing provided for herein shall prohibit Mr. Moorcroft from performing, or causing to be performed, repair work on any motor vehicle used by him for personal or agricultural purposes, provided such vehicle is otherwise in compliance with paragraphs 1 and 2, above.

4.      Within ten (10) business days from the date this Order is filed, Mr. Moorcroft shall deliver a bank cashier's check in the amount of Ten Thousand Dollars and No Cents ($10,000.00) to the Town's attorney, Pamela Stafford, Esq., to be held by Ms. Stafford, in escrow. Subject to the terms and conditions of this Order, said sum of money shall be forfeited to the Town, as liquidated damages, in the event Mr. Moorcroft does not comply with paragraphs 1, 2 and 3, above.

5.      Ms. Stafford shall deposit the aforesaid $10,000 in her client trust account. Mr. Moorcroft acknowledges that no interest will accrue on said funds.

6.      On or by 5:00 p.m., on December 5, 2007, the Town of Brookfield Selectboard (Selectboard) shall notify Mr. Moorcroft, in writing, as to whether it is satisfied that he has complied with the terms and conditions of paragraphs 1, 2 and 3, above. A copy of said notice shall be provided to Ms. Stafford, and to Charles F. Storrow, Esq., attorney for Mr. Moorcroft. If the Selectboard determines that Mr. Moorcroft has not complied with the terms and conditions of paragraphs 1 and 2, above, it shall set forth the specific reasons for such determination in the notice required under this paragraph. In the event of the Town's failure to give timely notice of non-compliance, Mr. Moorcroft shall be deemed to have complied with paragraphs 1, 2 and 3, above.

7.      If in the notice required under paragraph 6, above, the town of Brookfield's Selectboard states its determination that it is satisfied with Mr. Moorcroft's compliance with paragraphs 1, 2 and 3, above, then Ms. Stafford shall return the aforesaid $10,000.00 to Mr. Moorcroft by 5:00

p.m., on December 12, 2007. In addition, the Selectboard shall cause Ms. Stafford to send Mr. Moorcroft's attorney, Charles F. Storrow, Esq., a stipulation, signed by Ms. Stafford, providing that the Court may dismiss the above captioned action, with prejudice.

8.  If Mr. Moorcroft receives notice pursuant to paragraph 6, above, that the Selectboard has determined that he has not complied with paragraphs 1 and 2, above, he shall notify the Selectboard, in writing, on or by 5:00 p.m., on December 12, 2007, whether he disputes their conclusion that he has not complied with paragraphs 1 and 2, above. Said written notification may be given by delivering the same to the Chair of the Brookfield Selectboard or to Ms. Stafford. If Mr. Moorcroft fails to give such timely notice, he shall be deemed not to contest the Selectboard claim of non-compliance.

9.  In the event the Town of Brookfield Selectboard and Mr. Moorcroft disagree as to whether Mr. Moorcroft has complied with paragraphs 1 and 2, above, then either party may file a motion with the Vermont Environmental Court seeking to reopen this case for the purpose of having said Court determine whether Mr. Moorcroft has complied with paragraphs 1 and 2, above, and to otherwise adjudicate the parties' rights and responsibilities as set forth in this Order. In the event such a motion is filed, the opposing party shall not contest having the case reopened.

10. If, upon the reopening of this case, the Vermont Environmental Court determines that Mr. Moorcroft has not complied with paragraphs 1, 2 and 3, above, the Town is not only entitled to receive the escrowed $10,000.00, but may also request and obtain a monetary penalty of $100 per day, beginning December 2, 2007, for each day Mr. Moorcroft remains in noncompliance. The Town may also obtain such injunctive relief as it is entitled to under the law with respect to Mr. Moorcroft's violation of the Brookfield Development Bylaw.

11. If, upon the reopening of this case, the Vermont Environmental Court determines that Mr. Moorcroft has complied with paragraphs 1, 2 and 3, above, then he shall be entitled to recover from the Town his reasonable attorneys' fees and court costs associated with the adjudication of the issue of his compliance with paragraphs 1, 2 and 3, above.

12. Except as is provided for in paragraph 7, above, Ms. Stafford shall release the escrowed monies to either party only upon the joint written instructions of the Selectboard and Mr. Moorcroft (or his attorney, Charles F. Storrow, Esq.) or upon an appropriate Order of the Vermont Environmental Court.

13. In acting as the Escrow Agent Ms. Stafford may act in reliance upon a writing or instrument or signature which she, in good faith, believes to be genuine. Ms. Stafford may assume any person purporting to give any notice, writing, advice or instructions in connection with any provision herein has been duly authorized so to do.

14. The Town and Mr. Moorcroft shall jointly and severally indemnify and hold Pamela Stafford, Esq., harmless from any and all claims, liabilities, losses, expenses, actions, suits or proceedings at law or in equity or any other expense, fee or charge of any character or nature whatever, which she may incur in acting as the Escrow Agent under this Order.

15. It is hereby recognized and agreed that in acting as the Escrow Agent under this Order, Ms. Stafford shall not be obligated to take any action which is not specifically set forth herein. In the event of any such disagreement or dispute concerning the validity or interpretation of any of the escrow provisions of the parties' agreement or this Order, Ms. Stafford shall be empowered to submit the dispute to Vermont Environmental Court for resolution. In such event, Ms. Stafford shall be relieved of any other and further liability under the parties' agreement and this Order.

16. Nothing provided for herein shall preclude Mr. Moorcroft or his tenants from seeking zoning approval for any future land development on his Brookfield property. Similarly, nothing provided for herein shall preclude the Town, its Zoning Board of Adjustment or Planning Commission from asserting that zoning approval for such future land development is precluded under the "successive application/finality" doctrine or from initiating any enforcement action not related to the facts underlying its Complaint in this matter.

17. The rights and obligations created by this Order shall inure to the benefit of, and be binding upon Mr. Moorcroft's and the Town's successors, assigns, heirs and personal representatives.

Dated at Berlin, Vermont this 3rd day of May, 2007.

_____
Thomas S. Durkin, Judge

4